**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIE DINWIDDIE, | No. 21-35368 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00197-SEH |
| v. | |
| UNITED STATES OF AMERICA, Internal Revenue Service, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Sam E. Haddon, District Judge, Presiding

Submitted May 9, 2023[**]
Seattle, Washington

Before: HAWKINS, TALLMAN, and IKUTA, Circuit Judges.

Julie Dinwiddie appeals the adverse grant of summary judgment in this

wrongful levy action. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo, *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023), and affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Contrary to Julie's contentions, the United States Internal Revenue Service ("IRS") permissibly levied her personal bank accounts to collect money she had transferred to herself by virtue of her ownership of all stock in the company Evergreen Nursery Incorporated ("ENI"). The IRS assessed approximately $3.7 million in tax liabilities against Julie's husband, Jeffrey Dinwiddie in 2007, at which point a lien in favor of the United States attached to Jeffrey's property. *See* 26 U.S.C. § 6321. At that time, Jeffrey was the sole stockholder of ENI. Because a tax lien broadly reaches "every interest in property that a taxpayer might have," the lien reached Jeffrey's stock and any right to monetary distributions associated with that stock ownership. *See United States v. Craft*, 535 U.S. 274, 283, 286 (2002) (citation omitted). Prior to the time Jeffrey transferred his ENI stock to Julie, the IRS had recorded its lien in compliance with Alaskan law. *See* 26 U.S.C. § 6323(f)(1)(A)(ii); Alaska Stat. § 40.19.020(c). Consequently, Julie received the stock subject to lien regardless of whether she qualifies as a purchaser of the stock. *See* 26 U.S.C. § 6323(a); *United States v. Bess*, 357 U.S. 51, 57 (1958).

Although the IRS discharged its lien against ENI's sole asset—real property known as the Old Seward Property—under 26 U.S.C. § 6325(b)(2)(B) in 2008, the IRS made clear that the lien remained on all of Jeffrey's other property, including the ENI stock. The money at issue here consists of funds that Julie distributed from ENI's account to her personal bank account pursuant to her authority and rights as

the sole stockholder of the business. Because the ENI stock was subject to the federal tax lien at all relevant times, the levy was permissible.

**AFFIRMED.**